IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MIKEL,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al,<br><br>        Defendants. | No. C 10-0300 JSW (PR)<br><br>**ORDER OF TRANSFER**<br><br>(Docket Nos. 3, 4, 5, 6) |

        Plaintiff, a prisoner of the United States currently incarcerated at FCI Bastrop in Bastrop, Texas, has filed this civil rights action under 42 U.S.C. § 1983 complaining about the conditions of his confinement at the prison. Plaintiff has filed an application to proceed *in forma pauperis* as well as motions seeking equitable relief and discovery (docket nos.3, 4, 5, 6.)

        In the complaint, Plaintiff complains about Defendants located within the venue of the United States District Court for the Western District of Texas as well as his conditions of confinement at FCI Bastrop. Plaintiff alleges no basis for jurisdiction within the venue of the United States District Court for the Northern District of California.

        When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a

case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff brings his claims involving Defendants who reside within the venue of the Western District of Texas, in a case where a substantial part of the events or omissions giving rise to the claim also occurred. *See* 28 U.S.C. §1391(b)(2). Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Western District of Texas. In light of the transfer, the Court will not resolve Plaintiff's pending motions (docket nos. 3, 4, 5, 6). The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: January 28, 2010

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JIM MIKEL,

        Plaintiff,

  v.

USA et al,

        Defendant.

Case Number: CV10-00300 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jim Mikel
39790180
P.O. Box 1010
Bastrop, TX 78602

Dated: January 28, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk